IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANCHELIMA INTERNATIONAL, INC., and
SANCHELIMA INTERNATIONAL S. DE R.L. DE
C.V.,

        Plaintiffs,

v.

WALKER STAINLESS EQUIPMENT COMPANY,
LLC, BULK SOLUTIONS, LLC, and
BULK TANK INTERNATIONAL, S. DE R.L. DE
C.V.,

        Defendants.

OPINION & ORDER

16-cv-644-jdp

---

This is a contract case. Defendants manufacture dairy silos; plaintiffs distribute dairy silos. Defendants and plaintiffs entered into a distribution agreement under which defendants designated plaintiffs as their exclusive distributor of dairy silos in 12 Latin American countries. Plaintiffs contend that defendants breached the contract by selling or marketing to plaintiffs' customers in at least one of those Latin American countries, among other things.

Defendants have moved for summary judgment that the distribution agreement's remedy limitations provisions bar plaintiffs from recovering consequential damages, which are the only damages plaintiffs seek in this action. Dkt. 44. Because defendants' proposed interpretation of the limitations provisions would deprive plaintiffs of a minimum adequate remedy for a breach of the defendants' main obligation under the contract, the limitations provisions are unenforceable under that interpretation. The court will deny defendants' motion.

PRELIMINARY MATTERS

Plaintiffs move for leave to amend their complaint to include allegations of additional breaches and a claim for breach of implied covenant of good faith. Dkt. 47. Defendants argue that plaintiffs have not shown good cause for amendment under Rule 16(b)(4)'s heightened standard, but the court already explained that Rule 15, not Rule 16, governs a motion to amend a complaint after the court-imposed deadline for amending without the court's leave. *See* Dkt. 38, at 1–2. Under Rule 15, the court should freely give leave to amend when justice so requires. The court need not grant leave "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Parmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

Here, the issue is undue delay. Plaintiffs moved to amend their complaint *after* defendants moved for summary judgment, more than six months after the amendments deadline set by the court's scheduling order. *See* Dkt. 28, at 1. Plaintiffs explain that the factual basis for the new allegations and claim only became apparent during discovery, but discovery had been open for more than seven months by the time plaintiffs filed their motion, and plaintiffs do not explain when they learned of the new breaches or why they couldn't have learned of them earlier. They argue that defendants would not be prejudiced by the amendment because "they are already in possession of the additional documents in support of Plaintiffs' additional claims," Dkt. 47, at 3, but that's not the point. The purpose of a complaint is to "give the defendant fair notice" of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To allow plaintiffs to assert new claims now, after defendants moved for summary judgment, would unduly prejudice

defendants and contradict the purpose of a complaint. The court will deny plaintiffs' motion to amend their complaint.

Defendants move for leave to file their proposed findings of fact. Dkt. 59. As defendants acknowledge, the court requires parties to submit a statement of proposed findings of fact with their summary judgment motions. The purpose of the proposed findings of fact "is to clearly identify the material facts and to allow the court to determine whether those facts are genuinely in dispute." Dkt. 28, at 8. Defendants failed to file a statement of proposed findings of fact with their summary judgment motion, and so they move for leave to correct their error. In many cases, the failure to abide by the court's procedures on summary judgment could result in automatic denial of the summary judgment motion. *See id.* at 2 ("The court will not consider any document that does not comply with its summary judgment procedure."). But here, no facts are in dispute; the issues on summary judgment are ones of contract interpretation and enforcement. So the court will grant defendants' motion and accept their proposed findings of fact.

UNDISPUTED FACTS

In April 2013, the parties entered into a distribution agreement under which plaintiffs would distribute dairy silos and related products manufactured by defendants. *See* Dkt. 39-1. Under the terms of the agreement, plaintiffs would act as defendants' "exclusive distributor" in 12 Latin American countries, including Mexico. *Id.* at 3. Two contractual provisions are relevant to defendants' summary judgment motion. The first, titled "Manufacturer Liability Limitations," limits plaintiffs' recovery for claims arising "out of any purchase order, the products manufactured or delivered under such purchase order or any accompanying

documentation" to "the amount(s) paid by" plaintiffs to defendants under the purchase order. *Id.* at 12. The second, titled "Liability Exclusions," states that plaintiffs may not recover from defendants "any special, indirect, incidental or consequential losses or damages including, without limitation, any lost profits or punitive damages, arising out of or in connection with this agreement." *Id.*

In September 2016, plaintiffs filed suit against defendants, alleging that defendants sold silos in Mexico in violation of the distribution agreement and breached several other contractual provisions. Plaintiffs claim at least "$650,000 in lost profits, plus loss of good will and damage to [their] business reputation," as damages. Dkt. 39, at 7.

ANALYSIS

Defendants move for summary judgment that the distribution agreement's limitations provisions bar plaintiffs from recovering any damages. Summary judgment is appropriate if defendants show that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, plaintiffs must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [their] favor." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

No material facts are in dispute here; the parties' dispute centers on the interpretation and enforceability of the agreement's limitations provisions. The parties agree that Wisconsin law governs. They dispute nearly everything else. Defendants contend that the limitations provisions "explicitly prevent [plaintiffs] from recovering lost profits, which are the only damages alleged." Dkt. 58, at 2. Plaintiffs contend that the limitations provisions do not prevent recovery of consequential damages or lost profits, and that even if they did, they would

4

be unenforceable. Setting the interpretation disputes aside for the moment, the court will focus on the ultimate question: if the limitations provisions *do* bar plaintiffs from recovering lost profits, are they enforceable?

Under Wisconsin's version of the Uniform Commercial Code § 2-719, contractual provisions limiting or excluding consequential damages are enforceable unless (1) "circumstances cause an exclusive or limited remedy to fail of its essential purpose" or (2) "the limitation or exclusion is unconscionable." Wis. Stat. § 402.719. As the Wisconsin Supreme Court explains, § 402.719 "gives the parties substantial latitude to fashion their own remedies for breach of the contract. However, the UCC disfavors limitations on remedies and provides for their deletion where they would effectively deprive a party of reasonable protection against breach." *Murray v. Holiday Rambler, Inc.*, 83 Wis. 2d 406, 265 N.W.2d 513, 519–20 (1978). In other words, parties to a contract for sale "must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract." *Id.* at 520 (quoting U.C.C. § 2-719 cmt. 1 (Am. Law Inst. & Unif. Law Comm'n 1977)). When a limitations provision "provides neither a minimum nor adequate remedy" for a breach of the contract, it is unconscionable. *Trinkle v. Schumacher Co.*, 100 Wis. 2d 13, 301 N.W.2d 255, 259 (Ct. App. 1980).

Here, the analysis is straightforward. Defendants' proposed interpretation of the limitations provisions would deprive plaintiffs of any remedy for a breach of the exclusivity obligations in the distribution agreement. Therefore, the limitations provisions "must give way to the general remedy provisions" of the UCC. *Murray*, 265 N.W.2d at 520 (quoting U.C.C. § 2-719 cmt. 1).

Defendants cite several Wisconsin cases concerning arbitration provisions and the economic loss doctrine for the proposition that the limitations provisions are enforceable. But these cases are inapplicable here because the case does not involve an arbitration provision or tort damages barred by the economic loss doctrine. Defendants argue that both parties are "sophisticated," and therefore the limitations provisions cannot be unconscionable. Dkt. 58, at 3. But unconscionable limitations provisions may exist even when the contract is negotiated between sophisticated parties. *See Trinkle*, 301 N.W.2d at 259. Defendants also argue that the limitations provisions leave plaintiffs with a minimum adequate remedy: the amounts paid by plaintiffs to defendants under the purchase order. Recovery of amounts paid under a purchase order may adequately remedy some breaches of the agreement, but not the ones at issue here. The limitations provisions would be enforceable, for example, if a defective product caused plaintiffs to lose a customer and the resulting profits associated with that customer. "[T]he fact that a limited remedy provides no relief in one set of circumstances does not mean the remedy fails of its essential purpose," but it does fail when "a party is unfairly deprived of the substantial value of its bargain." *S. Fin. Grp., LLC v. McFarland State Bank*, 763 F.3d 735, 741 (7th Cir. 2014).

Here, the limited remedy provides no relief for *any* breach of defendants' main obligation under the contract. Defendants' breach of the exclusivity provision would not result in a purchase order, and therefore plaintiffs could never recover for such a breach, essentially rendering the exclusivity provision an empty promise by defendants. This is exactly the type of limitation that § 402.719 renders unenforceable. The court will deny defendants' motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for leave to amend their complaint, Dkt. 47, is DENIED.

2. Defendants' motion for leave to file a statement of proposed findings of fact, Dkt. 59, is GRANTED.

3. Defendants' motion for summary judgment, Dkt. 44, is DENIED.

Entered December 1, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge