IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANCHELIMA INTERNATIONAL, INC., and
SANCHELIMA INTERNATIONAL S. DE R.L. DE
C.V.,

                      Plaintiffs,

   v.

WALKER STAINLESS EQUIPMENT COMPANY,
LLC, BULK SOLUTIONS, LLC, and
BULK TANK INTERNATIONAL, S. DE R.L. DE C.V.,

                      Defendants.

OPINION & ORDER

16-cv-644-jdp

---

Defendants move the court to reconsider its decision to deny their motion for summary judgment that the distribution agreement's remedy limitations provisions bar plaintiffs from recovering consequential damages. Dkt. 67. To prevail on their motion, defendants "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Defendants have not identified a manifest error of law or fact in the court's summary judgment order, so the court will deny their motion.

Defendants contend that the court's order was based on two manifest errors of law: (1) a conflation of Wis. Stat. § 402.719's two tests for unenforceability and (2) a conclusion that either test renders the limitations provisions unenforcecable. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In this diversity suit, the controlling precedent is Wis. Stat. § 402.719 and state court interpretations of that statute. At summary judgment, the court applied the Wisconsin Supreme Court's interpretation of § 402.719 in *Murray v. Holiday Rambler, Inc.*, 83 Wis. 2d 406, 265 N.W.2d 513 (1978). *Murray* explains that § 402.719 contains two subsections that render certain limitations provisions unenforceable—one for unconscionability and the other for failing the limitation's essential purpose.

> Any clause purporting to limit remedies in an unconscionable manner will be deleted, making the ordinary UCC remedies available as though the stricken clause had never existed.
>
> In addition, sec. 402.719(2), Stats., provides: "(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this code."

*Id.* at 520 (citation omitted). But *Murray* and a Wisconsin Court of Appeals decision that followed it, *Trinkle v. Schumacher Co.*, 100 Wis. 2d 13, 301 N.W.2d 255 (Ct. App. 1980), do not distinguish between these two subsections. Rather, they focus on "the sensible policy underlying sec. 402.719 . . . . 'that there be at least a fair quantum of remedy for beach of the obligations or duties outlined in the contract. Thus any clause purporting to modify or limit the remedial provisions . . . in an unconscionable manner is subject to deletion.'" *Trinkle*, 301 N.W.2d at 259 (quoting U.C.C. § 2-719 cmt. 1 (Am. Law. Inst. & Unif. Law Comm'n 1977)); *see also Murray*, 265 N.W.2d at 520 (citing U.C.C. § 2-719 cmt. 1). In fact, *Trinkle*'s analysis appears to conflate the two subsections, explaining that despite the lack of traditional signs of unconscionability, the limitations provision was "unconscionable" because under the circumstances of the case, it failed of its essential purpose.

> In this case, the essential purpose of the sales invoice provision was to bar claims once the goods were substantially changed by cutting. . . . Trinkle and Schumacher were experienced in the fabric industry business. Unconscionability rarely exists in a

2

> commercial setting involving parties of equal bargaining power. However, the vice of that limitation applied to this case is that it denies any remedy whatsoever to Trinkle, although the specific warranty for the fitness for the purpose intended was breached. . . .
>
> We find that the provision is unconscionable because it provides neither a minimum nor adequate remedy to Trinkle.

301 N.W.2d at 259 (citations omitted). So contrary to defendants' argument, conflating § 402.719's two subsections would not be a misapplication of controlling precedent.

Defendants' remaining arguments also fail. They argue that the essential purpose subsection only applies to "a disclaimer of the warranty of merchantability," Dkt. 67, at 3, but they offer no authority to support that proposition. They argue that the limitations provisions are not unconscionable, but they cite only state court cases concerning contract provisions other than limitations provisions. The court explained in its summary judgment opinion that such cases are inapplicable, *see* Dkt. 66, at 6, and defendants offer no argument as to why the court should now apply them. As *Trinkle* illustrates, a limitations provision may be unconscionable under § 402.719 even if it would not otherwise qualify as unconscionable.

Defendants contend that the limitations provisions are enforceable because plaintiffs "may have suffered compensatory damages" that would be recoverable under the limitations provisions. Dkt. 67, at 6. Defendants adduce the deposition testimony of Estelle Sanchelima in support. They should have adduced this evidence and advanced this argument in their summary judgment motion; they do not argue that they could not have done so. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). And even if the court were to consider this new evidence and argument, it would not render the

limitations provisions enforceable. Defendants argue that plaintiffs "incurred costs in marketing [defendants'] products in the Territory, including costs of attending trade shows, purchasing advertisements, and paying a sales staff," and that such damages would be recoverable. Dkt. 67, at 6. But at summary judgment, defendants interpreted the distribution agreement as limiting damages to "the amount [plaintiffs] paid to [defendants] under the purchase order(s) at issue." Dkt. 45, at 2. The compensatory damages that defendants list in their motion for reconsideration were not paid under a purchase order, so under defendants' interpretation of the limitations provisions, they would not be recoverable. Reconsideration is not an appropriate forum for strategically shifting interpretations, either.

Finally, defendants contend that the court's summary judgment order disposes of three of plaintiffs' breach of contract claims and ask the court to "clarify" this point. Although defendants style their request as a motion for clarification, they are essentially asking the court to reconsider its determination that enforcement of the limitations provisions would provide neither a minimum nor an adequate remedy for the alleged breaches. They argue that unlike the alleged sales to customers in the territory designated in the distribution agreement, the following alleged breaches could be adequately remedied by recovery of amounts paid under a purchase order: (1) defendants' failure "to have adequate facilities in Mexico for the manufacture of silos at the time the Distribution Agreement was executed," (2) defendants' failure "to timely complete manufacturing of products ordered by [plaintiffs] in Mexico," and (3) defendants' intentional attempt "to sabotage [plaintiffs'] relationship with customers, mainly FEMSA." Dkt. 39, ¶ 21. Once again, defendants could and should have made this argument at summary judgment. But even if the court were to consider it now, the factual record concerning these three alleged breaches has not been

4

developed. Based on the allegations contained in plaintiffs' amended complaint, it appears that these three breaches may have been tied to the breaches of the exclusivity provision and would not have resulted in a purchase order. *See, e.g.*, Dkt. 39, ¶ 18 ("[Defendants] damaged [plaintiffs'] reputation with FEMSA . . . so that [defendants] could usurp FEMSA as a customer."). Defendants' summary judgment briefing supports this understanding. *See, e.g.*, Dkt. 45, at 9 ("[Plaintiffs'] sole claim relates to purported conduct for which there does not exist a purchase order between [them] and [defendants]."). As the court explained in its summary judgment order, § 402.719 renders the limitations provisions unenforceable as to such breaches. So the court will not dismiss any of plaintiffs' claims.

ORDER

IT IS ORDERED that defendants' motion for reconsideration, Dkt. 67, is DENIED.

Entered January 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge